IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| FREEHAND H.J., INC., | : | |
| Debtor. | : | Case No. 07-12172 (JKF) |
| _____ | | |
| FREEHAND H.J., INC., | : | |
| Plaintiff, | : | |
| v. | : | |
| LOUIS F. (Rick) SMITH, JR.;<br>NEIL W. HEAD, ESQUIRE; and<br>THE ESTATE OF THOMAS J. SMITH AND<br>DOROTHY C. SMITH, | :<br><br>: | |
| Defendants. | : | Adversary No. 07-0152 |
| _____ | | |

# **MEMORANDUM OPINION**

BY:  JEAN K. FITZSIMON
     United States Bankruptcy Judge

This matter is before the Court on Defendant Louis F. (Rick) Smith, Jr.'s Motion to Abstain and to Remand State Court Action Pursuant to 28 U.S.C. § 1334(c), 28 U.S.C. § 1452(b) and Federal Rule of Bankruptcy Procedure 9027.

Because the court is required to abstain from the proceeding pursuant to 28 U.S.C. § 1334(c)(2) and applicable Third Circuit law, the Motion is granted.[1]

## **BACKGROUND**

Freehand H.J., Inc., filed for Chapter 11 protection in this Court on April 15, 2007. Two days later, it removed the above-captioned adversary proceeding from state court pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 to this Court. Louis F. (Rick) Smith filed the Motion to Remand and Abstain on April 18, 2007. On May 4, 2007, the additional Defendants in the adversary, Neil W. Head and the Estate of Thomas J. Smith and Dorothy C. Smith (the "Estate Parties"), joined in Smith's Motion. The Official Committee of Unsecured Creditors (the "Committee") filed a Memorandum in Support of Removal of State Court Action and in Opposition to Abstention and Remand on May 31, 2007.

The underlying dispute concerns an agreement by which Freehand, a real estate developer, was to purchase a parcel of land, located at 1325 West Chester Pike, East Goshen Township, Pennsylvania (the "Land"), it planned to develop.

---

[1] At the hearing on Smith's Motion for Remand, held on May 15, 2007, the Court *sua sponte* raised the question of whether it had jurisdiction to determine the merits of this proceeding given the probate exception to federal court jurisdiction. See Vanderwiele v. Murphy, 2005 WL 2396973, at *1 (E.D. Pa. Sep. 27, 2005) (citing Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*"). The probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." Marshal v. Marhsal, 547 U.S. 293, 126 S.Ct. 1735, 1748 (2006). However, the parties' supplemental briefs on this issue have provided the Court with neither the facts nor the law on which to base a ruling. And, given the Court's conclusion herein that mandatory abstention is applicable, it is unnecessary to decide whether the probate exception applies under the present circumstances.

The Land was originally owned by the Estate of Thomas J. Smith, Jr. and Dorothy C. Smith. Neil W. Head is an attorney who serves as the executor of the Smiths' estate. Louis F. (Rick) Smith is a beneficiary of the Smiths' estate and a manager of East Goshen Township in Chester County. As a result of the Agreement of Sale governing this transaction, Freehand became the equitable owner of the Land on March 17, 2004, with the settlement on the purchase to take place after Freehand secured final unappealable subdivision approval from the Township of East Goshen to develop the property in accordance with certain zoning restrictions. See Agreement, p.13.

Freehand contends that its plans to develop the Land failed due to the fraud, misrepresentation, and intentional acts of the Defendants. Specifically, the Plaintiff asserts that Neil Head concealed the nature of the historic structure on the property, that Smith and Head failed to take all necessary steps to protect the Plaintiff's right to an easement on the Land, and that Smith failed to recuse himself, as he had agreed, from East Goshen Township proceedings concerning land use permits relating to use of the Land. Certain key permits were denied, allegedly resulting in financial loss to the Debtor.

Freehand sued the Defendants in the Court of Common Pleas of Chester County, Pennsylvania on December 8, 2005. The five-count complaint alleges breach of contract, misrepresentation, fraud, civil conspiracy, tortuous interference with business relations, and promissory estoppel. The complaint

seeks both monetary damages and specific performance of the Agreement, namely conveyance of the Land. The complaint has been answered by all Defendants.

The state court proceeding was literally on the eve of trial when Freehand filed for bankruptcy protection on April 15, 2007; trial was scheduled for April 16, 2007. Because the lawsuit was filed by the Debtor, the state court judge determined that the trial would proceed on April 17, 2007. At that point the Debtor removed the state court action to this Court.

## DISCUSSION

### I. MANDATORY ABSTENTION

The Court must abstain from determining the merits of this lawsuit. According to the Third Circuit, if a timely motion is made under § 1334(c)(2), a court "*must* abstain" if the following five requirements are met: (1) a proceeding is based on state law claims or state law cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11; (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction. Stoe v. Flaherty, 436 F.3d 209, 213 (3d Cir. 2006) (emphasis in original). See also Asousa P'Ship

4

v. Pinnacle Foods (In re Asousa P'Ship), 264 B.R. 376, 382 (Bankr. E.D. Pa. 2001) (citing Federal Nat'l Mortg. Assoc. v. Rockafellow (In re Taylor), 115 B.R. 498 (E.D. Pa. 1990) (analyzing mandatory abstention under a similar test); In re Grace Community, Inc., 262 B.R. 625, 630 (Bankr. E.D. Pa. 2001) (same); In re Pacor, Inc., 72 B.R. 927, 931 (Bankr. E.D. Pa. 1987) (same).

If a court determines both that it must abstain pursuant to § 1334 and that there is reason for the suit to proceed in state court, then "there will be an 'equitable ground' justifying remand under § 1452(b)." Stoe v. Flaherty, 436 F.3d 209, 215 (3d Cir. 2006). See also In re Micro Design, Inc, 120 B.R. 363, 366 (E.D. Pa. 1990) ("The Courts of this jurisdiction have consistently held that, if grounds for abstention... are present, then a remand is appropriate.") (citations omitted); Toth v. Bodyonics, Ltd., 2007 WL 792172, at *2 (E.D. Pa. Mar. 15, 2007) (same). The remand provision in § 1452(b) provides that "the court to which [a removed claim related to a bankruptcy case] or cause of action is removed may remand such claim or cause of action on any equitable ground." Thus, abstention and remand go hand in hand. If the Third Circuit mandatory abstention test is met, this adversary must be remanded to state court.

## II. APPLICATION OF THE MANDATORY ABSTENTION STANDARD TO THE FACTS BEFORE THE COURT

Applying the Third Circuit's five part test, it is apparent that this adversary proceeding must be remanded to state court. As a preliminary matter, it should

be noted that a timely motion to remand was filed by Smith pursuant to 28 U.S.C. § 1334(c)(2).

(1)  The proceeding is based entirely on state law claims, including breach of contract, fraud, and civil conspiracy.

(2)  The cause of action is "related to" this bankruptcy case, but is not a core proceeding.  See Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006) (citation omitted) ("Whether a proceeding is a 'core' proceeding that 'arises under' title 11 depends upon whether the Bankruptcy Code creates the cause of action or provides the substantive right invoked").  The rights invoked in the Debtor's lawsuit -- breach of contract, misrepresentation, fraud, civil conspiracy, tortuous interference with business relations, and promissory estoppel -- are all common state law causes of action not created or invoked by the Bankruptcy Code.  This proceeding is merely "related to" Freehand's bankruptcy because the outcome of it "could conceivably have an effect on the estate being administered in bankruptcy."  Id. at 216 (citing In re Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).  No substantive Bankruptcy Code rights are before the Court.  As discussed below, the administration and liquidation of the estate are not at issue here.  Therefore, the causes of action are "related to" and not core matters.

(3)  The proceeding could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334.  As discussed, this adversary involves state law claims and there is no diversity between the parties.

Therefore, the state court action could not have been commenced in federal court but for the "related to" bankruptcy court jurisdiction under 28 U.S.C. § 1334.

(4)  An action was commenced in a state forum -- the Court of Common Pleas of Chester County on December 8, 2005.

(5)  The action can be timely adjudicated in state court. The proceeding is, in fact, ready for trial before the state court judge and was only paused by the Debtor's removal of the matter to this Court.

### III.  THE DEBTOR AND THE COMMITTEE'S ARGUMENTS

Freehand disputes neither that the causes of action against the Defendants arise exclusively under state law nor that it removed this lawsuit on the eve of trial in state court. The Plaintiff and the Committee present two arguments as to why mandatory abstention is inappropriate: 1) the parties argue that it would be more efficient to adjudicate this case in the bankruptcy court; and 2) the Debtor and the Committee assert that core jurisdiction is present, making mandatory abstention unavailable.

The Plaintiff's argument in its Memorandum of Law in Opposition to the Motion focuses on a plan by the Debtor to file an action in the District Court for the Eastern District of Pennsylvania alleging § 1983 violations connected with the land development process against Smith, Chester Valley Engineers, and East Goshen Township. The Committee points to the fact that the Debtor has in fact

Case 07-00152-jkf    Doc 4    Filed 06/13/07    Entered 06/15/07 09:53:50    Desc Main
Document      Page 8 of 13

filed such a § 1983 against Chester Valley Engineers and Louis Smith in this Court on May 14, 2007. See adversary proceeding #07-00183. The Committee and Freehand's observation that this federal suit could possibly be consolidated with the matter at hand due to the fact that both proceedings involve the same transaction simply has no bearing on whether the suit pending before the state court should be remanded. (Committee Memorandum pgs. 5-6; Debtor's Opposition, p.5). The Third Circuit test for mandatory abstention does not include such a concern. The case law cited by the Committee misses the mark. See, e.g., In re Earle, 72 B.R. 131 (Bankr. E.D. Pa. 1987) (bankruptcy court refused discretionarily to abstain where, unlike here, there was no pending state court action that could be timely adjudicated); In re Ziets, 79 B.R. 222 (Bankr. E.D. Pa. 1987) (court refused to abstain from a domestic relations dispute where the matter was held to be a core proceeding).

Further, the question is not the expediency of the proceedings in this Court, but whether the parties will receive a timely judgment in the state court. See, e.g., In re Mugica, ___B.R.____, 2007 WL 466602, at *6 (Bankr. S.D. Tex. Feb. 7, 2007) ("the party moving for mandatory abstention need not show that the action can be *more timely* adjudicated in state court, but only that the matter can be timely adjudicated in state court.") (citations omitted) (emphasis in original). As this case was on the eve of trial in the state court when the Debtor filed for

bankruptcy and put the matter on hold, neither the Debtor nor the Committee argued that a timely adjudication in that forum is not possible.

Freehand and the Committee's additional argument, that the Court has core jurisdiction to determine this proceeding because property of the bankruptcy estate is at issue, is likewise flawed. The Debtor is correct both that Section 541 of the Code defines property of the bankruptcy estate to include "all legal and equitable interests of the debtor as of the commencement of the estate" and that 28 U.S.C. § 157(b)(2) defines disposition of such property as a core proceeding.[2] However, courts, including the Third Circuit, have consistently rejected the notion that simply every matter having to do with property of the Debtor's estate fits the category of core jurisdiction for purposes of § 157(b)(2). As one bankruptcy court in this circuit has explained:

> In *In re Meyertech*, the Third Circuit Court of Appeals aptly recognized the difficulty 'to perceive of a proceeding which would not fall under the all-encompassing language of' either § 157(b)(2)(A) or §157(b)(2)(O). 831 F.2d 410, 416 (3d Cir. 1987). As a result, the Circuit Court of Appeals cautioned against an expansive interpretation of these statutory provisions. *Id*. To that extent, the majority of bankruptcy courts have reasoned that state law, contract-type actions... which may literally fall within the broad catch-all language of §§ 157(b)(2)(A) and (O) are non-core, related proceedings.

In re Mid-Atlantic Handling Sys., LLC v. Mitsubishi Caterpillar Forklift America, 304 B.R. 111, 124 (Bankr. D.N.J.) (citation omitted) (applying mandatory

---

[2] 28 U.S.C. § 157(b)(2) states, in relevant portion, "Core proceedings include, but are not limited to- (A) matters concerning the administration of the estate... (O) other proceedings affecting the liquidation of the assets of the estate..."

9

abstention). See also In re Trans World Airlines, Inc., 278 B.R. 42, 48 (Bankr. D. Del. 2002) ("A proceeding is not 'core' simply because it arguably fits within the literal wording of one of the listed proceedings under § 157(b)(2)") (internal quotations and citations omitted); In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750, 759 (D.N.J. 1996) ("[§ 157(b)(2)(O)] does not render a proceeding core merely because the resolution of the action results in more, or less, assets in the estate"); In re Mugica, ___B.R.____, 2007 WL 466602, at *3 (Bankr. S.D. Tex. Feb. 7, 2007) (quoting In re Wood, 825 F.2d 90, 95 (5th Cir. 1987) (defining § 157(b)(2)(O) narrowly and stating "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 act"). Neither the Debtor nor the Committee cites any law to the contrary.

Taking this line of cases into consideration, along with the fact that the Debtor's lawsuit raises exclusively state law causes of action, the Court is unpersuaded by the Committee and the Debtor's mere assertion that this adversary falls within the Court's core jurisdiction because property of the estate is implicated. The Bankruptcy Code does not create the cause of action here, nor does it provide the substantive right invoked. See Stoe v. Flaherty, 436 F.3d at 217, (citing Halper v. Halper, 164 F.3d 830, 836, 836-37 n.7 (3d Cir.1999)) (discussing core jurisdiction). Indeed, the issues relate solely to state and common law matters. While this matter relates in some sense to the

administration and liquidation of the estate, the case law cited above shows that the Debtor may not base core jurisdiction on such a tangential connection of an adversary which is itself based on state law causes of action.  Therefore, the court concludes that it has related-to jurisdiction over this proceeding and that mandatory abstention remains appropriate.

Because the Court finds that application of the Third Circuit's test for mandatory abstention is satisfied and that remand of this adversary to state court is appropriate, it need not address the Debtor or the Committee's arguments related to discretionary abstention.

## **CONCLUSION**

For the reasons discussed, the Court concludes that mandatory abstention from the state court action filed by the Debtor against Louis F. (Rick) Smith, Neil W. Head, and the Estate of Thomas J. Smith and Dorothy C. Smith is necessary. The Court, therefore, will grant the Motion of Louis F. (Rick) Smith and remand the adversary proceeding to state court.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **FREEHAND H.J., INC.**, | : | |
| Debtor. | : | Case No. 07-12172 (JKF) |
| _____ | | |
| **FREEHAND H.J., INC.**, | : | |
| Plaintiff, | : | |
| v. | : | |
| **LOUIS F. (RICK) SMITH, JR.;** **NEIL W. HEAD, ESQUIRE; and** **THE ESTATE OF THOMAS J. SMITH AND DOROTHY C. SMITH**, | : | |
| Defendants. | : | Adversary No. 07-0152 |
| _____ | | |

# **ORDER**

This 13th day of June, 2007, Defendant Louis F. (Rick) Smith Jr.'s Motion to Abstain and to Remand State Court Action Pursuant to 28 U.S.C. § 1334(c), 28 U.S.C. § 1452(b) and Federal Rule of Bankruptcy Procedure 9027 is **granted**.

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

John A. Wetzel, Esquire
J. Keath Fetter, Esquire
One South Church Street, Suite 400
West Chester, PA  19382

Albert A. Ciardi, III, Esquire
Ciardi & Ciardi
Once Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA  19103

Alexander Barnes, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103-1895